**IN THE COURT OF APPEALS OF IOWA**

No. 24-0482
Filed January 9, 2025

**RAUL VELASQUEZ RUIZ Jr.,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

　　Appeal from the Iowa District Court for Scott County, John Telleen, Judge.

　　Applicant appeals the summary dismissal of his fifth application for postconviction relief. **AFFIRMED.**

　　Jane M. White of Gribble, Boles, Stewart & Witosky, Des Moines, for appellant.

　　Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

　　Considered by Schumacher, P.J., and Badding and Chicchelly, JJ. Telleen, S.J., takes no part.

**SCHUMACHER, Presiding Judge.**

Raul Ruiz Jr. appeals the summary dismissal of his fifth application for postconviction relief (PCR). He claims summary disposition was not appropriate because he created a genuine issue of material fact on whether his application contained newly discovered evidence that would except it from the three-year time-bar. Upon our review, we affirm.

## I.     Background Facts and Proceedings

> When Raul Ruiz Jr. was a teen, an Illinois court convicted him of a crime that required him to register as a sex offender. Ruiz subsequently moved to Scott County and registered as a sex offender. In the ensuing years, he thrice pled guilty to failure to register a new address or otherwise comply with Iowa's registration requirements.
> In 2018, the State charged Ruiz with failure to comply with sex offender registry requirements, second or subsequent offense, as an habitual offender. Ruiz waived his right to a jury trial. Following a bench trial, the district court found him guilty as charged. The court sentenced him to prison and ordered the sentence to run consecutively to the sentences imposed in prior cases.

*State v. Ruiz*, No. 18-1703, 2020 WL 2487891, at *1 (Iowa Ct. App. May 13, 2020). On direct appeal, this court rejected Ruiz's challenges to: the sufficiency of the evidence supporting his conviction and the district court's fact findings; the sentence imposed by the district court; the district court's determination his conviction was not void due to "extrinsic fraud"; the district court's statutory interpretation of registration requirements; and the district court's "lack[ of] territorial jurisdiction." *Id.* at *1–4. Procedendo issued in June 2020.[1]

---

[1] We observe the parties state procedendo issued in 2018. The record contains procedendo in November 2018 on a writ of certiorari, but procedendo following Ruiz's direct appeal issued in June 2020. The PCR court notes, "After sentencing, the Petitioner appealed and the Iowa [Court of Appeals] affirmed his conviction,

Over the next three years, Ruiz filed four PCR applications, none of which were granted. In October 2023, Ruiz filed the instant PCR application, alleging:

> On October 18, 2023, [the Department of Public Safety (DPS)] issued an official statement stating that its decision issued on October 13, 2013, is the decision finding that Ruiz is required to register under chapter 692A, in Iowa.
> DPS's October 13, 2013, decision finding that Ruiz is required to register under chapter 692A, in Iowa, does not find that Ruiz is required to register under chapter 692A, in Iowa, due to an Illinois registration obligation.
> DPS's October 18, 2023, statement is newly discovered evidence showing that Ruiz could not have known or reasonably known that he is required to register under chapter 692A, in Iowa, due to an Illinois registration obligation.
> DPS's October 18, 2023, statement could not have been discovered prior to [Ruiz's underlying criminal] trial . . . on July 30, 2018.

The State moved for summary dismissal, claiming Ruiz's application was time-barred by the statute of limitations. Ruiz resisted and moved for summary disposition. The PCR court granted the State's motion. Ruiz appeals.

## II.	Standard of Review

We review the summary dismissal of PCR applications for errors at law. *See Dewberry v. State*, 941 N.W.2d 1, 4 (Iowa 2019). "[F]or a summary disposition to be proper, the State must be able to prevail as if it were filing a motion for summary judgment in a civil proceeding." *Id.* (alteration in original) (quoting *Schmidt v. State*, 909 N.W.2d 778, 784 (Iowa 2018)).

## III.	Discussion

Ruiz claims the PCR court erred by granting the State's motion for summary judgment without a full evidentiary hearing on the merits of his claim. Applying the

---

issuing *procedendo* on June 20, 2020." We conclude June 2020 is the relevant date for purposes of calculating Ruiz's PCR time-bar.

summary judgment standards, we concur with the court's determination that the State proved no issue of material fact is in dispute. As noted above, Ruiz's conviction was final in June 2020. Under Iowa Code section 822.3 (2023), Ruiz had until June 2023 to apply for PCR. Ruiz filed this application in October 2023. Thus, unless an exception applies, Ruiz's PCR application is time-barred.

Ruiz argues his PCR application falls under the exception in section 822.3 for "a ground of fact or law that could not have been raised within the applicable time period" because "the letter from the Department of Public Safety does constitute newly discovered evidence that allows the issue to be heard." The PCR court rejected Ruiz's claim, observing the letter merely "reaffirms the Department's previous decision (a decision the Department made in October of 2013) that [Ruiz] needed to register with the Iowa Sex Offender Registry." The court further found:

> Although the Department issued the latest letter in 2023, it issued its first adjudication in 2013, meaning the Petitioner had ample opportunity to raise his objections to the registry requirement either in his appeal, or in one of his four previous PCR petitions. Because the Petitioner fails to identify a new ground of fact or law sufficient to redeem the tardiness of his PCR petition, the State is entitled to summary dismissal.

Upon our review, we concur with the court's determination. "A fact could have been raised within the limitations period if it was either known to the applicant or it could have been discovered with the exercise of due diligence during the statute-of-limitations window." *Prentiss v. State*, No. 23-0550, 2024 WL 2842274, at *3 (Iowa Ct. App. June 5, 2024). Here, the face of Ruiz's PCR application indicates he was aware he had a duty to register as early as 2013. We also observe the record in Ruiz's underlying criminal case includes his Iowa sex offender registration certificate (which was issued in 2017), as well as trial testimony relating

to his registration requirements and registration status. Ruiz has failed to sustain his "onus" to establish the "obvious requirement" that he "could not have raised the ground of fact within the limitations period." *Moon v. State*, 911 N.W.2d 137, 143 (Iowa 2018) (citation omitted). We affirm the dismissal of Ruiz's application.

**AFFIRMED.**